IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 8:09CV303 |
| SUN LIFE AND HEALTH | ) | |
| INSURANCE CO., f/k/a Genworth | ) | ORDER |
| Life and Health Insurance Co., and | ) | |
| GROUP LONG TERM DISABILITY | ) | |
| INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

This is an action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA") and is now before the magistrate judge on the plaintiff's Motion for Permission to Conduct Discovery (Filing 21). Having considered the defendant's response (Filing 22), together with the "administrative record" (Filings 19 & 20) filed by the defendants on December 14, 2009, I find that plaintiff should be allowed to conduct discovery as requested.

### BACKGROUND

The defendants' Answer (Filing 13) indicates that Sun Life and Health Insurance Co. ("Sun Life") is the underwriter of a group insurance policy ("Policy") that provides long-term disability benefits to the Group Long Term Disability Insurance Plan ("Plan") for eligible and qualified employees of Sumaria Systems, Inc. Plaintiff, a former employee of Sumaria Systems, Inc., suffers from Multiple Sclerosis.

Defendant's predecessor approved plaintiff's application for Long Term Disability benefits on or about March 7, 2005. (Filing 20-5 at p. 3-7/35). At that time, the plaintiff was advised:

> The benefits payable under this policy are reduced by certain "Other Income" benefits or amounts you receive or are entitled to receive. These "Other Income" benefits include Primary and Family Social Security benefits, Worker's Compensation benefits, Employer funded Retirement Pension benefits as well as disability benefits under any compulsory benefit act or law provided or available during the same period or as a result of the same disability. (Please refer to your Insurance Certificate for complete details.) Prompt notification furnishing the status of these "Other Income" benefits is of importance since any adjustment on our part is made on a retroactive basis.

Part 5, paragraph 5 of the Policy (Complaint Exhibit A, Filing 1-2 at p. 15/30) defines the term "Other Income" as:

> Any amount of disability or retirement benefits under:
> a)   The United States Social Security Act to which;
>     i)   you are entitled; and
>     ii)  your Dependents may be entitled because of your disability or retirement;
> b)   the Railroad Retirement Act;
> c)   any other similar act or law provided in any jurisdiction.

The plaintiff is a veteran and receives monthly benefits from the Veteran's Administration ("VA"). Citing Part 5, paragraph 5 of the Policy, Sun Life determined that the plaintiff's VA benefits are subject to offset against long-term disability benefits under the Plan. Plaintiff exhausted his administrative remedies under the Plan as of August 10, 2009.

Sun Life and the Plan filed a joint answer on October 14, 2009 in which Sun Life specifically denies that it is the administrator of the Plan. Answer, Filing 13 at p. 2/4, ¶ 20. The defendants' affirmative defenses are, however, premised on the fact that the unfavorable claim decision was made by Sun Life.

## DISCUSSION

"[A] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If an ERISA plan gives its administrator or trustees discretionary authority to determine eligibility for benefits, the court reviews such a decision for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. at 115; *accord Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008); .

The issue immediately presented in this motion is whether the plaintiff is entitled to conduct discovery outside the "administrative record" that has been divulged by the defendants to the plaintiff and to the court. Citing *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008), the defendants assume that the claim decision is subject to an "abuse of discretion" standard of review and conclude that the plaintiff is not entitled to conduct any discovery.

Following the Supreme Court's decision in *Glenn* (which did not address the scope of discovery appropriate in cases arising under ERISA), the Eighth Circuit observed:

> There is no doubt that *Glenn* changed ERISA review in some ways. First, the Supreme Court determined specifically that when the entity that administers the plan "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket" a conflict of interest exists. *Glenn,* 128 S.Ct. at 2346. Prior to *Glenn,* this Court held the opposite. *See, e.g., Chronister I,* 442 F.3d at 655 ("[I]t is wrong to assume a financial conflict of interest from the fact that a plan administrator is also the insurer.") (quoting *McGarrah v. Hartford Life Ins. Co.,* 234 F.3d 1026, 1030 (8th Cir.2000)).
>
> Similarly, under this Court's pre-*Glenn* precedent, a financial conflict of interest would not trigger less-deferential review unless the claimant could show that the conflict was causally connected to the specific decision at issue. *See Woo v. Deluxe Corp.,* 144 F.3d 1157, 1160 (8th Cir. 1998); *McGarrah,*

> 234 F.3d at 1030. *Glenn* makes clear that, while a causal connection might be important in determining the appropriate level of scrutiny for a plan administrator's decisionmaking, such a connection is not required. *Glenn,* 128 S.Ct. at 2351 ("The conflict of interest ... should prove more important ... where circumstances suggest a higher likelihood that it affected the benefits decision...."). Under *Glenn,* courts must analyze the facts of the case at issue, taking into consideration not only the conflict of interest, but also other factors that might bear on whether the administrator abused its discretion. *Id.*

*Chronister v. Unum Life Ins. Co.*, 563 F.3d 773, 775 (8th Cir. 2009). The *Chronister* court noted that it was not faced with determining whether *Glenn* changes the discovery limitations in ERISA cases. *Id.* at 775 n.2.

In this case, the defendants' "administrative record" (Filings 19 & 20) is neither authenticated nor organized. Significantly, the defendants have not divulged the identity of the Plan administrator, and the Plan documents were not included (at least the court could not find them) in the defendants' 391-page "administrative record." The court could find nothing in the "administrative record" showing that the ERISA Plan delegated to ***anyone*** the discretionary authority to determine eligibility for benefits. Sun Life admits that it made the claims decision but specifically denies that it was the Plan administrator. Based on the content of the defendants' "record," it is quite possible that the decision to offset benefits is subject to *de novo* review.

The *Glenn* decision was not intended to "bring about near universal review by judges *de novo–i.e.*, without deference–of the lion's share of ERISA plan claims denials." *Glenn*, 128 S. Ct. at 2350. However, even in a case which is not subject to *de novo* review, the court must analyze the facts of the case at issue, considering all the factors that might bear on whether the Plan administrator abused its discretion. *See Chronister*, 563 F.3d at 775. Historically, within the Eighth Circuit, those factors include whether the administrator acted under a conflict of interest, dishonestly, with an improper motive, or without using judgment.

In this case, the defendants were ordered to file their administrative record early in the case so that the appropriate scope of discovery–if any–could be determined without delay. The court has reviewed the documents filed by the defendants and agrees with the plaintiff that it is far from clear whether the defendants' "administrative record" is complete or intact. Furthermore, the defendants have identified no document giving Sun Life any discretion to determine eligibility for benefits–a significant omission in light of the defendants' argument that Sun Life's decision can only be reviewed for abuse of discretion.

Under the circumstances presented, the court finds that the plaintiff's proposed discovery requests (Filing 23, Exhibits 1 & 2) are appropriate and the plaintiff should be allowed to serve the requests on the defendants.

## ORDER

**IT IS ORDERED** that plaintiff's Motion for Permission to Conduct Discovery (Filing 21) is granted, as follows:

1. Plaintiff is hereby given permission to serve on the defendants the Interrogatories and Requests for Production of Documents attached as Exhibits 1 and 2 to Filing 23.

2. The defendants shall serve responses to the plaintiff's Interrogatories and Requests for Production of Documents within the time allowed by Fed. R. Civ. P. 33 and 34.

A party may object to this order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECivR 72.2. The filing of an objection does not stay paragraph 2 of t5his Order. *See* NECivR72.2(c).

**DATED February 22, 2010.**

> **BY THE COURT:**
>
> s/ F.A. Gossett
> **United States Magistrate Judge**