# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JAMES RILEY,**  )  <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> **SUN LIFE AND HEALTH INSURANCE**  ) <br> **CO., f/k/a GENWORTH**  ) <br> **LIFE AND HEALTH INSURANCE**  ) <br> **CO., and GROUP LONG TERM**  ) <br> **DISABILITY INSURANCE,**  ) <br> ) <br> Defendants.  ) | **CASE NO. 8:09CV303** <br><br><br><br> **MEMORANDUM** <br> **AND ORDER** |

This matter is before the Court on the Defendant's objections to the order of Magistrate Judge F.A. Gossett (Filing No. 29).

## FACTUAL BACKGROUND

In his order, Judge Gossett granted the Plaintiff's motion for permission to conduct discovery (Filing No. 27). Judge Gossett's order includes a statement of facts leading to the filing of the motion, and this Court will not repeat those facts. In granting the motion, Judge Gossett reasoned: the administrative record filed by the Defendants (Filing Nos. 19, 20) is not authenticated or organized; it is difficult to determine whether the administrative record is complete and intact; and no document was filed giving Sun Life discretion to determine benefits, significant in light of the Defendants' argument that Sun Life's decision can only be reviewed for abuse of discretion.

The Defendants object, arguing: the administrative record was filed and includes the plan; attached to its objections is an authenticating affidavit authenticating the

administrative record; the administrative record has been filed as it was maintained, in chronological order; and the record includes a specific grant of discretion to Sun Life.[1]

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter, a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

### *Filing of the Administrative Record; Authenticating Affidavit*

An administrative record is filed. (Filing Nos. 19, 20.) Judge Gossett was correct in stating that the record was not authenticated or organized. Despite the attached "declaration" (Filing No. 29-1), the record remains unauthenticated. The record also remains unorganized insofar as the individual documents are not identified. The applicable local rule provides:

> **Required Affidavit.** An affidavit must identify and authenticate documents filed with the index. The affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated, and identify the related motion.

NECivR 7.0.1(a)(2)(C).

An "affidavit" must be "sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." *Black's Law Dictionary* (8th ed. 2004) (Westlaw). Alternatively, an affiant may follow the format prescribed in 28 U.S.C. § 1746. The proposed declaration was not sworn.

---

[1] Defendants argue, however, that the arbitrary and capricious standard of review applies.

Additionally, the affidavit should satisfy the language of NECivR 7.0.1(a)(2)(C), that is: the affidavit is "made on personal knowledge, [and] sets forth facts that would be admissible in evidence"; the affiant is "competent to testify to the matters stated"; and the affidavit must state the motion supported by the evidence in question. In this case, the tendered declaration includes none of the required language and does not identify the motion to which the evidence at Filing Nos. 19 and 20 relates.

Finally, the proposed declaration does not usefully "identify" the documents filed as required by NECivR 7.0.1(a)(2)(C). The documents, consisting of 386 ages, are entitled simply as the "administrative record." The Court is left to guess the identity of each document contained in the administrative record. The proposed affidavit should include an index to the individual documents and their location by page number within the administrative record. Even more useful would be a record with attachments that each include only one document, and in this case the affidavit would identify each document by attachment number.

In summary, the technical deficiencies described above accompanied the filing of the evidence at Filing Nos. 19 and 20 when Judge Gossett issued his order, and those deficiencies remain.

***Explicit Grant of Discretion***

The Defendants quote a paragraph from page 80 of the administrative record stating, among other things, that "GE Group Life Assurance Company" has discretion to make eligibility determinations. The Defendants are: Sun Life and Health Insurance Company, f/k/a Genworth Life and Health Insurance Company ("Sun Life"); and Group Long-Term Disability Insurance Plan. This reviewing Court sees no link between either

Defendant and "GE Group Life Assurance Company." This Court declines to decide the standard of review applicable to decisions to offset benefits, as that issue is not before this Court. Nevertheless, this reviewing Court cannot determine, based on the evidence cited or the arguments presented, that the reference on page 80 of the administrative record to "GE Group Life Assurance Company" refers to Sun Life.

## CONCLUSION

For the reasons discussed, the Court finds that Judge Gossett's order is not clearly erroneous or contrary to law.

IT IS ORDERED:

1. The Defendants' objections (Filing No. 29) to Magistrate Judge Gossett's order are denied; and

2. Judge Gossett's order (Filing No. 27) is affirmed.

DATED this 10th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge