IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES RILEY, | ) | CASE NO. 8:09CV303 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SUN LIFE AND HEALTH INSURANCE CO., f/k/a GENWORTH LIFE AND HEALTH INSURANCE CO., and GROUP LONG TERM DISABILITY INSURANCE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the parties' Stipulated Motion to Extend the Deadline for Reply Briefs in Support of Summary Judgment (Filing No. 42). The motion will be granted. The parties will submit their respective reply briefs on or before June 4, 2010.

The Court also requests that in those reply briefs the parties identify any evidence in the Administrative Record (Filing Nos. 19-20) that indicates the type of Veterans Administration ("VA") benefits the Plaintiff received that were offset against his disability benefits, or the specific statute through which such VA benefits were awarded to him. In other words, the Court is interested in knowing whether the Plaintiff's VA benefits were received pursuant to a retirement pension or annuity, a service-connected disability, or the same non-service-connected disability that led to his receipt of disability payments from the Group Long Term Disability Insurance Plan. Such evidence in the Administrative Record, if it exists, may be relevant to the question of whether the "act or law" through which the Plaintiff received his VA benefits was "similar" to examples of acts or laws giving rise to

"Other Income" under the terms of the Plan.  Alternatively, the parties may explain why such evidence should not be relevant.

Accordingly,

IT IS ORDERED:

1. The parties' Stipulated Motion to Extend the Deadline for Reply Briefs in Support of Summary Judgment (Filing No. 42) is granted;

2. The parties will submit their reply briefs in support of their respective motions for summary judgment on or before June 4, 2010;

3. In their reply briefs, the parties will indicate, with citation to the Administrative Record, the type of Veterans Administration ("VA") benefits the Plaintiff received that were offset against his disability benefits, or the specific statute under which such VA benefits were awarded to him.  Alternatively, the parties may explain why the type of VA benefit the Plaintiff received is not relevant to the pending motions for summary judgment.

DATED this 28th day of May, 2010.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge