IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAMES RILEY,** | ) | **CASE NO. 8:09CV303** |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **SUN LIFE AND HEALTH INSURANCE CO., f/k/a GENWORTH LIFE AND HEALTH INSURANCE CO., and GROUP LONG TERM DISABILITY INSURANCE,** | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Protective Order and Renewed Motion to Stay (Filing No. 91) filed by Defendant Sun Life and Health Insurance Co. and Defendant Group Long Term Disability Insurance. The Court has considered the briefs (Filing Nos. 92, 95, 97, 101) submitted in support of the parties' positions. For the reasons discussed below, the Motion will be denied.

**PROCEDURAL HISTORY**

On August 31, 2009, Plaintiff James Riley filed suit in this Court alleging that the Defendants inappropriately reduced Riley's benefits under a long-term disability benefits plan by deducting the amount of benefits he received from the Veterans Administration. (Filing No. 1, at ¶¶ 9-19.) On June 18, 2010, this Court entered summary judgment in favor of the Defendants and dismissed Riley's Complaint, with prejudice. (Filing Nos. 46, 47.) Riley appealed, and on October 7, 2011, the Eighth Circuit entered its Opinion and Judgment, reversing this Court's decision and remanding for proceedings consistent with its Opinion. (Filing Nos. 58, 59.) The Eighth Circuit also granted, in part, Riley's Motion for Appellate Attorney Fees and Costs. (Filing No. 65.)

On November 22, the Eighth Circuit denied the Defendants' petition for rehearing en banc and petition for rehearing by the panel. (Filing No. 63.) On November 29, 2011, the Eighth Circuit issued its Mandate. (Filing No. 64.) The Defendants filed a Motion to Stay the Mandate shortly thereafter. The Eighth Circuit construed the Motion to Stay the Mandate as a motion to recall the mandate, and denied the Motion. (Filing No. 66.)

On December 1, 2011, this Court entered its Judgment in favor of Riley and ordered the Defendants to pay Riley's appellate fees and costs. (Filing No. 67.) On January 19, 2012, the Court denied the Defendants' request to stay the Judgment while they petitioned the United States Supreme Court for a writ of certiorari. (Filing No. 85, at 2; *see* Filing No. 87, at 2.) On February 15, 2012, the Defendants filed their petition with the United States Supreme Court, and on February 17, 2012, the petition was placed on the Supreme Court's docket. (Filing No. 96.)

Also on February 17, 2012, the Defendants filed the present Motion. In their Motion, the Defendants seek a protective order preventing the Deposition of Sun Life.[1] The Defendants also request that the Court stay the Judgment while their petition with the Supreme Court is pending, or until the Supreme Court decides the Defendants' motion to stay the judgment. (Filing No. 91.) Nothing in the record indicates that the Defendants have filed a motion to stay with the Supreme Court. The Defendants have indicated that they obtained a supersedeas bond in the amount of $100,000.00. (Filing No. 93-3, Ex. C.)

---

[1]Riley has withdrawn his Notice to Take Deposition (Filing Nos. 89, 98), rendering moot the portion of the Defendants' Motion that seeks a protective order.

**STANDARD**

Federal Rule of Civil Procedure 62(d) states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "A party must ordinarily move . . . in the district court. . . for . . . approval of a supersedeas bond." Fed. R. App. P. 8(a). Generally, "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *see also Brinkman v. Dep't of Corrections of the State of Kan.*, 815 F. Supp. 407, 408 (D. Kan. 1993) (citing *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992); *Am. Mfrs. Mut. Ins. Co.*, 87 S.Ct. at 2) ("Under Rule 62(d), an appellant has a right to stay the enforcement of a money judgment upon posting a supersedeas bond."); *El-Tabech v. Clarke*, No. 4:04CV3231, 2009 WL 3352829, *1 (D. Neb, Oct. 16, 2009) (citing Fed. R. Civ. P. 62(d)) ("Under the federal rules, a party is entitled to a stay if a supersedeas bond is posted."); 1 Charles Alan Wright et al., Federal Practice and Procedure § 2905 (2d ed. 2011). However, "'[a] supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.'" *See Brinkman*, 815 F. Supp. at 410 (alteration in original) (quoting *Poplar Grove v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979)).

Because "[a] supersedeas bond secures the appellee from loss resulting from the stay of execution . . . courts normally require a full supersedeas bond." *Id.* at 408 (citing *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir.1986)). If a party does not

3

post a supersedeas bond in accordance with Rule 62(d), it "may move that the district court employ its discretion to waive the bond requirement." *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) (citing *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986)); *see also El-Tabech*, 2009 WL 3352829, at *1 (citing *Dillon*, 866 F.2d at 904).

## DISCUSSION

The Defendants contend that the $100,000.00 supersedeas bond they obtained is sufficient to secure Riley from any loss that might result from staying the execution of the Judgment because the bond exceeds the $89,429.59 the Defendants owe pursuant to the Judgment, and allows interest to accrue and still be secured by the bond. The Judgment indicates that the Defendants owe Riley approximately $89,000.00 to compensate him for previously unpaid benefits and to pay for the attorney's fees and costs he incurred during the course of this litigation, together with post-judgment interest on all unpaid amounts from the time the Judgment was entered. The Judgment, however, also indicates that the Defendants must continue to pay Riley the benefits due him under the plan without any offset for the benefits he receives from the Veteran's Administration, assuming Riley meets the terms and conditions for receipt of the benefits under the plan. (Filing No. 88.) It is unclear whether the supersedeas bond takes into account the Defendants' continuing obligation to pay Riley benefits under the plan; therefore, it is also unclear whether the bond is adequate to protect Riley from the loss that would result if execution of the Court's Judgment were stayed, especially if the Defendants have failed to resume making monthly benefit payments as Riley has indicated. (Filing No. 101, at 4.)

As a result, this Court will not approve the Defendants' supersedeas bond, *see* Fed. R. Civ. P. 62(d); *see also Brinkman*, 815 F. Supp. at 410, or "employ its discretion to waive the bond requirement." *Dillon*, 866 F.2d at 904 (citing *Carbon Cnty. Coal*, 799 F.2d at 281); *see also El-Tabech*, 2009 WL 3352829, at *1 (citing *Dillon*, 866 F.2d at 904). Whether the Defendants would obtain a larger bond if requested to do so does not change this result. Unlike a direct appeal, review on certiorari is not a matter of right, and such reviews are rarely granted. Both the Eighth Circuit and this Court already have denied motions to stay, and for Riley to forego receipt of the benefits at issue pending the Supreme Court's review of the Defendants' petition for certiorari likely would work a hardship on him. As the Defendants are aware, they may seek a stay of judgment with the Supreme Court. *See* 11 U.S.C. § 2101(f); Sup. Ct. R. 23.

Accordingly,

IT IS ORDERED that the Motion for Protective Order and Renewed Motion to Stay (Filing No. 91) is denied.

DATED this 7th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge